**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ANTHONY E. SONNETT, SB# 163182
  E-Mail: Anthony.Sonnett@lewisbrisbois.com
HEIDI M. YOSHIOKA, SB# 149580
  E-Mail: Heidi.Yoshioka@lewisbrisbois.com
SYLVIA CHIU, SB# 269844
  E-Mail: Sylvia.Chiu@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, Counterclaimant,
and Third-Party Plaintiff GALLOWAY
COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LEVECKE CORPORATION, a California Corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GALLOWAY COMPANY, INC., a Wisconsin Corporation; and DOES 1 through 50,<br><br>　　　　Defendants.<br><br>GALLOWAY COMPANY, INC., a Wisconsin Corporation,<br><br>　　　　Counterclaimant,<br><br>vs.<br><br>LEVECKE CORPORATION, a California Corporation; and ROES 1 through 50,<br><br>　　　　Counterclaim-Defendants. | CASE NO. 5:15-cv-01804-VAP(KKx)<br><br>**AMENDED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL DESIGNATION**<br><br>Judge:　Hon. Virginia A. Phillips<br>Ct. Rm: No. 2<br><br>Action Filed: September 3, 2015<br>Trial Date:　January 17, 2017<br><br>NOTE CHANGES MADE BY THE COURT |

4833-9289-0675.1

1

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL DESIGNATION

**IT IS HEREBY STIPULATED** by and between the parties to *LeVecke Corporation, a California Corporation, vs. Galloway Company, Inc., a Wisconsin Corporation*, Case No. 5:15-cv-01804-VAP(KKx), namely plaintiff and counterclaim defendant LeVecke Corporation ("LeVecke"), by and through its respective counsel of record, and defendant, counterclaimant, and third-party plaintiff Galloway Company, Inc. ("Galloway"), by and through its respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the parties stipulate as follows:

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.2, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    B.     <u>GOOD CAUSE STATEMENT</u>

This action involves commercially sensitive and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or

financial information, product formulas, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

The parties agree to amend the existing protective order to provide increased protection for the disclosure of materials a Designating Party contends are highly confidential such as documents relating to the identity and the properties of the ingredients used in Galloway's manufacture of the 2013 and 2014 cream base to LeVecke that Galloway contends are highly confidential.  Such documents may be designated as "Highly Confidential – Attorney's Eyes Only."  It is the intent of the parties that information will not be designated as confidential or highly confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: This pending federal lawsuit, *LeVecke Corporation, a California Corporation, vs. Galloway Company, Inc., a Wisconsin Corporation*, Case No. 5:15-cv-01804-VAP(KKx).

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers,

directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

    2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and

exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL") or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b) For testimony given in depositions, the Designating Party may either:

    i. identify on the record, before the close of the deposition, all confidential testimony, by specifying all portions of the Testimony that quality as "Confidential" or

    ii. designate the entirety of the Testimony at the deposition as "Confidential" and then identify only these specific portions of the Testimony as to which protection in good faith is sought within 30 days following the receipt of the deposition transcript.

   (c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  5.2 <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>HIGHLY CONFIDENTIAL DESIGNATIONS</u>

  Information designated as "HIGHLY CONFIDENTIAL" shall be used by the Receiving Party solely for the purposes of litigation between the Parties and may be

disclosed only to the following persons:

(a) Outside counsel of record as defined in paragraph 2.10.

(b) Experts or consultants retained for purposes of this litigation, but only to the extent necessary to: (a) prepare a written opinion, (b) prepare to testify in the Litigation, or (c) assist counsel in the prosecution or defense of the Litigation; provided that such expert or consultant (1) is using the "HIGHLY CONFIDENTIAL" material solely in connection with this litigation (2) signs the Acknowledgment attached in this Protective Order before being provided "HIGHLY CONFIDENTIAL" materials, and (3) complies with the requirements of Paragraph 7, *infra*;

(c) Court reporters and persons preparing transcripts of depositions;

(d) the Court, Court personnel, and jurors or potential jurors;

(e) the author of the document(s), or any individual whose name is shown on the document(s) as having received it in the ordinary course of business, or any individual that has or had possession of the document(s) in the ordinary course of business, or the current or former custodian of the document(s); and

(f) any other person only upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, hearing or trial.

7. <u>PROCEDURES FOR APPROVING DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIALS TO EXPERTS</u>

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an expert any information or item that has been designated "HIGHLY CONFIDENTIAL" must first make a written request to the Designating Party that (1) sets forth the full name of the expert, (2) attach a copy of the expert's current resume that includes information on the expert's currently employer(s), and (3) identifies each person or entity from who the expert has received compensation for work in his or her areas of

expertise, including each person or entity to whom the expert has provided professional services, at any time during the preceding five years.

(b) A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose materials designated as "Highly Confidential" to the identified expert unless, within seven court days of making the request, the Receiving Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Receiving Party that receives a timely written objection may file a motion seeking permission from the court to permit it to disclose materials that are designated as "HIGHLY CONFIDENTIAL" to its expert after first attempting to resolve the dispute by meeting and conferring with the Designating Party regarding its written objection and such motion must strictly comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Any motion challenging a Party's confidentiality designations must strictly comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement.)

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the challenge.

9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The Officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "or HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "or HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production

without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any motion seeking to modify or amend the proposed Protective Order must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement.)

13.2 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 17, 2016            LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /S/ *Anthony E. Sonnett*
ANTHONY E. SONNETT
HEIDI M. YOSHIOKA
SYLVIA CHIU
Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff GALLOWAY COMPANY, INC.

| | | |
|---|---|---|
| 1 | DATED: June 17, 2016 | STEPHENS FRIEDLAND LLP |

By: /S/ *Timothy A. Spivey*
TODD G. FRIEDLAND
TIMOTHY A. SPIVEY
Attorneys for Plaintiff and Counterclaim-Defendant LEVECKE CORPORATION

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: June 20, 2016

_____
Hon. Kenly Kiya Kato
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *LeVecke Corporation, a California Corporation, vs. Galloway Company, Inc., a Wisconsin Corporation*, Case No. 5:15-cv-01804-VAP(KKx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____